UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL DUPREE BROWN,<br>Defendant. | Case No. CR-10-0176-01-PJH<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>Re: Docket No. 34 |

Before the court is the pro se motion of Michael Dupree Brown to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(b)(1), and Amendment 782 to the Guidelines Manual. The court determines that the matter is suitable for decision without oral argument. Having carefully considered the papers, the record, and relevant legal authorities, the court DENIES Mr. Brown's motion to reduce his sentence from 120 months to 92 months imprisonment for the following reasons.

**I.    BACKGROUND**

  **A.    Entry of Guilty Plea**

On March 11, 2010, Mr. Brown was charged by an information on Count One for conspiracy to distribute, and possess with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and on Count Two for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Doc. No. 1. On April 20, 2010, the government filed an information for increased punishment by reason of prior drug conviction under 21 U.S.C. § 851. Doc. No. 4. That same day,

1  Mr. Brown waived indictment and entered a guilty plea before the magistrate court to both
2  counts of the information pursuant to a plea agreement.  Doc. No. 10.  The court adopted
3  the magistrate judge's report and recommendation regarding the plea and accepted the
4  guilty plea.  Doc. No. 11.

### B.   Offense Level Calculation

On November 23, 2011, the Probation Office ("Probation") disclosed its presentence investigation report ("PSR").  For sentencing purposes, Counts One and Two were treated as a single group pursuant to the multiple count grouping rules set forth in U.S.S.G. § 3D1.2(d), which directs that the counts be grouped when the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.  PSR ¶ 21.  Probation applied the guidelines covering offenses involving drugs, U.S.S.G. § 2D1.1, to calculate the offense level.

Under the applicable guideline, located at U.S.S.G. § 2D1.1(a)(5), the base offense level was established as the offense level specified in the Drug Quantity Table set forth in § 2D1.1(c).  PSR ¶ 24.  Mr. Brown's offense involved 156.5 grams of cocaine base and 1.3 grams of marijuana.  *Id*.  Pursuant to U.S.S.G. § 2D1.1(c)(6), as it was in effect at the time of Mr. Brown's sentencing, this drug quantity established a base offense level of 28.  *Id*.  Pursuant to U.S.S.G. § 3E1.1(a), Mr. Brown received a 2-level reduction for his acceptance of responsibility and an additional 1-level reduction for assisting authorities in the prosecution of his own misconduct, for an adjusted offense level of 25 as calculated under the drug guidelines.  *Id*. ¶¶ 30-34.

### C.   Criminal History Calculation

Probation determined that Mr. Brown's past criminal convictions established a criminal history category of IV.  PSR ¶¶ 48-50.  Under Probation's calculation, with an offense level of 25 and a Criminal History Category of IV, Mr. Brown was subject to a guideline range of 84 to 105 months imprisonment, after correcting Probation's earlier

1  guideline calculation of 110 to 137 months.  *See id.* ¶ 94.

2  Counsel for Mr. Brown disputed Probation's criminal history calculation, noting that
3  the conduct underlying an earlier conviction in 2010 was part of the same conduct
4  underlying the present case.  Mr. Brown's attorney argued that if the 2010 conviction was
5  not counted in calculating his criminal history score, he would have a criminal history
6  category of III.  Def's Sentencing Mem. at 4 (under seal).  With an offense level of 25 and
7  criminal history category of III, as calculated by Mr. Brown, the advisory guideline range
8  would be 70 to 87 months imprisonment.

9  Whether he was subject to criminal history category III or IV, Mr. Brown was
10 subject to a mandatory minimum sentence which exceeded the advisory guideline range,
11 as discussed below.

12     **D.**    **Mandatory Minimum Sentence**

13 Based on the statutory violations underlying the counts of conviction, Mr. Brown
14 was subject to a mandatory minimum sentence.  U.S.S.G. § 5G1.1(b) provides that
15 where the statutorily required minimum sentence is greater than the maximum of the
16 applicable guideline range, the statutorily required minimum sentence shall be the
17 guideline sentence.  PSR ¶ 94.

18 Probation took the position that under the mandatory minimum sentences in effect
19 at the time of the offense conduct, Count One was subject to a mandatory minimum
20 sentence of 10 years, which was increased to a 20-year mandatory minimum based on
21 the government's filing of the § 851 information to establish a prior conviction for
22 increased punishment, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 851.
23 *Id.* ¶ 92.  On Count Two, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) and § 851, Probation
24 recommended that the applicable mandatory minimum sentence was 5 years, increased
25 to 10 years based on the § 851 information.  *Id.* ¶ 93.  Therefore, Probation
26 recommended a sentence term of imprisonment based on those mandatory minimum
27 sentences on Count One of 20 years (240 months) and on Count Two of 10 years (120
28 months), to run concurrently.  *Id.*

With respect to the statutorily required minimum sentences, the government took the position, contrary to Probation, that the Fair Sentencing Act of 2010 ("FSA"), which reduced the threshold amount of crack cocaine necessary to trigger the mandatory minimum sentences, applied retroactively.  Doc. No. 23 at 3.  Under the FSA, the 10-year mandatory minimum sentence became triggered at 280 grams, instead of 50 grams, and the 5-year mandatory minimum sentence became triggered at 28 grams, instead of 5 grams.  *Id.*  The government took the position that the newly lowered mandatory minimums applied to any defendant who was sentenced after passage of the FSA, even if the offense conduct predated the FSA, as was the case for Mr. Brown.

In his plea agreement Mr. Brown admitted on Count One that he conspired to distribute, and possess with intent to distribute, a total of at least 150 grams of crack cocaine, and that he also possessed with intent to distribute 6.5 grams of crack cocaine on Count Two.  *Id.* at 3:3-5.  As such, the government took the position that Mr. Brown was subject to a 5-year mandatory minimum on Count One which was increased to a 10-year mandatory minimum based on the government's filing of the § 851 information and Mr. Brown's admission of his prior felony narcotics conviction.  *Id.*  Accordingly, the government requested that Mr. Brown be sentenced to 10 years (120 months) imprisonment on both Counts One and Two, to run concurrently.

Counsel for Mr. Brown also argued for retroactive application of the FSA, acknowledging that he was subject to a 120-month mandatory minimum sentence, but not the 240-month minimum sentence recommended by Probation.  Def's Sentencing Mem. at 7 (under seal).

**E.     Sentencing**

The court held a sentencing hearing and imposed judgment on December 7, 2011.  Doc. No. 27.  The court adopted the findings of the PSR, with the exception of Probation's determination that Mr. Brown had a criminal history category of IV, finding instead that his criminal history score resulted in criminal history category of III.  Statement of Reasons at 1.  With an offense level of 25 and criminal history category of

III, the advisory guideline range for imprisonment, without application of the mandatory minimum, was 70 to 87 months. However, the court imposed the mandatory minimum sentence, as required by statute and under the sentencing guidelines. The court agreed with the government and Mr. Brown that the FSA applied retroactively, resulting in a 10-year mandatory minimum sentence on Count One, rather than the 20-year prison term recommended by Probation under the pre-FSA statutory provisions establishing mandatory minimum sentences under lower threshold levels of crack cocaine.

The court sentenced Mr. Brown to 120 months of imprisonment for Count One and 120 months of imprisonment for Count Two, to run concurrently. Doc. No. 28 at 2. The court noted that the mandatory minimum sentence exceeded the advisory guideline range. Statement of Reasons at 2. In addition, the court sentenced Mr. Brown to 8 years of supervised release as to Count One and 6 years of supervised release as to Count Two, with both terms to be served concurrently, and a special assessment of $200.

### F. Motion to Reduce Sentence

On September 14, 2015, Mr. Brown filed the instant motion requesting sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) in light of Amendment 782, effective November 1, 2014. Doc. No. 32. The matter is fully submitted on the papers.

## II. DISCUSSION

### A. Legal Standard

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012) (quoting § 3582(c)). However, § 3582(c)(2) provides a narrow exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

### B. Amendment 782

Effective November 1, 2014, Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1, applicable to sentences imposed for certain drug-related convictions. This amendment revised the Drug Quantity Table across drug and chemical types. On July 18, 2014, the United States Sentencing Commission voted to add Amendment 782 to the list of amendments in U.S.S.G. § 1B1.10 that may be applied retroactively. Although Amendment 782 may be applied retroactively to previously-sentenced defendants, the court may not order a reduction in sentence based on Amendment 782 unless the effective date of the order reducing the term of imprisonment is November 1, 2015 or later. U.S.S.G. § 1B1.10(e)(1).

### C. Motion to Reduce Sentence

Mr. Brown seeks a reduction in sentence from 120 months to 92 months pursuant to the two-level reduction in offense level under the revised Drug Quantity Table, as amended by Amendment 782. On November 2, 2014, the Federal Public Defender's Office filed a Notice of Non-Intervention stating that they would not file a motion on Mr. Brown's behalf and would not oppose or respond to any report issued by Probation. Doc. No. 33. On November 3, 2015, Probation prepared a Sentence Reduction Investigation Report stating its position that Mr. Brown is not entitled to a reduction in sentence resulting from the amendment to the guideline because Mr. Brown's original sentence is the statutorily required minimum sentence of 10 years (120 months). Doc. No. 34 at 2. The government indicated to Probation its agreement that Mr. Brown is not entitled to a sentence reduction. *Id.*

The court determines that no relief is available under Amendment 782 because Mr. Brown was sentenced to the mandatory minimum prison sentence pursuant to 21 U.S.C. §§ 841 and 851, rather than the sentencing guideline range under the drug guidelines. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with

this policy statement if. . . . (ii) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment). *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam) (the court held that the defendant was not entitled to a reduction because his sentence was not "based on a sentence range that has subsequently been lowered by the sentencing commission," but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841). *See also United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (noting that "the mandatory minimum was not affected by the change in the [drug] equivalency tables").

In the present matter, the court determines that Mr. Brown was sentenced to the statutory mandatory minimum of 10 years (120 months) and that Amendment 782 does not have the effect of lowering Mr. Brown's guideline range. Accordingly, the court has no authority to reduce his sentence pursuant to § 3582(c)(2).

## III. CONCLUSION

For the reasons set forth above, Mr. Brown's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 782, is DENIED.

**IT IS SO ORDERED.**

Dated: March 9, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

7